IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R.S.S.P., INC.<br>403 East Main – Atwood<br>Warsaw, IN 46580<br>　　　Plaintiff,<br><br>　　v.<br><br>ROLL FORMER CORPORATION<br>2425 Maryland Road<br>Willow Grove, PA 19090<br>　　　Defendant | No. |

## COMPLAINT

**I.　PARTIES**

1.　Plaintiff, R.S.S.P., Inc. ("R.S.S.P.") is an Indiana corporation with a corporate headquarters and principal place of business at 403 East Main – Atwood, Warsaw, IN 46580.

2.　Defendant, Roll Former Corporation ("Roll Former"), is a Pennsylvania corporation that maintains its principal place of business at 2425 Maryland Road, Willow Grove, PA 19090.

**II.　JURISDICTION AND VENUE**

3.　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different States.

4.　Venue is properly before this Court pursuant to 28 U.S.C. §1391 because, *inter alia*, a substantial amount of the events giving rise to the claim occurred in the

Eastern District of Pennsylvania and the defendant is subject to personal jurisdiction therein.

### III.   FACTS

5.   R.S.S.P. is in the business of manufacturing and installing metal roofing and siding.

6.   Roll Former is in the business of manufacturing and selling roll forming machines which are used by the building construction industry to prepare coil metal stock and convert it into individual panel pieces for metal roofing and siding.

7.   R.S.S.P. purchased numerous pieces of equipment from Roll Former costing in excess of $80,000.00.

### COUNT I
### Breach of Express Warranty

8.   The allegations contained in paragraphs 1 through and including 7 are incorporated herein by reference as if fully set forth.

9.   Roll Former expressly warranted that the machines purchased by R.S.S.P. were capable of forming metal stock of certain widths which constituted an express warranty and formed part of the basis of the bargain between the parties.

10.   Roll Former expressly warranted that the machines purchased by R.S.S.P. were "free from defects in material and workmanship in normal use and service."

11.   Roll Former misrepresented the capabilities and capacities of its equipment.

12. R.S.S.P. discovered that the machines, as manufactured and sold, were not capable of handling metal stock of certain widths, as represented.

13. R.S.S.P. has encountered numerous work stoppages caused by the inability of the equipment to perform as represented and warranted.

14. R.S.S.P. has been compelled to remove and replace roofing and siding prepared by the machines because it defective due to the equipment nonperformance.

15. Defendant, Roll Former, has breached the express warranty contained in its own Standard Equipment Warranty.

16. R.S.S.P. has incurred significant expenses due to Roll Former's breach of warranty.

17. The damages incurred by R.S.S.P. were such as were, or should have been, reasonably anticipated by the parties at the time of contracting.

**WHEREFORE,** Plaintiff, R.S.S.P., Inc., demands judgment against Roll Former Corporation in an amount in excess of $75,000 as may be determined in this litigation, together with an award of consequential and incidental damages, costs, interest, and such attorneys' fees as may be allowed by law, and such other relief as this Court deems just and proper.

## COUNT II
### Breach of Implied Warranty of Merchantability

18. The allegations of paragraphs 1 through and including 17 are incorporated herein by reference as if fully set forth.

19. Roll Former is in the business of manufacturing portable roll forming machines.

119772 v2

20. The roll forming machines manufactured by Roll Former would not pass without objection in the trade under the contract description.

21. The roll forming machines purchased from Roll Former are not fit for the ordinary purposes for which they were manufactured.

22. Roll Former has failed to properly exclude the implied warranty of merchantability.

23. Roll Former has breached the implied warranty of merchantability.

**WHEREFORE,** Plaintiff, R.S.S.P., Inc., demands judgment against Roll Former Corporation in an amount in excess of $75,000 as may be determined in this litigation, together with an award of consequential and incidental damages, costs, interest, and such attorneys' fees as may be allowed by law, and such other relief as this Court deems just and proper.

## COUNT III
### Breach of Implied Warranty of Fitness for a Particular Purpose

24. The allegations of paragraphs 1 through and including 23 are incorporated herein by reference as if fully set forth.

25. Roll Former knew at the time it sold the machines to R.S.S.P. the particular purpose for which the machines were required.

26. R.S.S.P. specifically relied on Roll Former's skill and judgment to select or furnish machines that would be suitable to R.S.S.P.'s needs.

27. The recommendations and representations of Roll Former, in lights of its knowledge of the intended use of the machinery, constituted a warranty of fitness for a particular purpose.

119772 v2

28.    In reliance upon Roll Former's warranty of fitness for a particular purpose, R.S.S.P. purchased the machines.

29.    Defendant, Roll Former, has breached the implied warranty of fitness for a particular purpose.

**WHEREFORE,** Plaintiff, R.S.S.P., Inc., demands judgment against Roll Former Corporation in an amount in excess of $75,000 as may be determined in this litigation, together with an award of consequential and incidental damages, costs, interest, and such attorneys' fees as may be allowed by law, and such other relief as this Court deems just and proper.

By:_____
Walter H. Flamm, Jr.
I.D. No. 16607
Christopher C. Negrete
I.D. No. 86152
FLAMM, BOROFF & BACINE, P.C.
925 Harvest Drive, Suite 220
Blue Bell, PA 19422
(215) 239-6000
Counsel for Plaintiff
R.S.S.P., Inc.

Dated:_____

119772 v2