IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R.S.S.P., INC. | : | |
| | : | |
| vs. | : | |
| | : | NO. 02-CV-3707 |
| ROLL FORMER CORPORATION | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

I. **PARTIES**

    1.    Admitted.

    2.    Admitted in part and denied in part. It is admitted that Defendant, Roll Former Corporation ("Roll Former"), is a Pennsylvania corporation. It is denied that Roll Former maintains its principal place of business at 2425 Maryland Road, Willow Grove, PA 19090. Said place of business was Roll Former's former principal place of business. Its current principal place of business is located at 140 Independence Lane, Chalfont, PA 18914.

II. **JURISDICTION AND VENUE**

    3.    Denied. It is denied that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs and is between citizens of different states. To the contrary, this Court does not have jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the matter in controversy does not exceed the sum of $75,000.00.

    4.    Admitted.

III. **FACTS**

    5.    Admitted upon information and belief.

6. Admitted.

7. Admitted.

## COUNT I
## BREACH OF EXPRESS WARRANTY

8. Defendant incorporates herein by reference its answers 1 through 7 above as if the same are fully set forth at length.

9. Admitted in part and denied in part. It is admitted that Roll Former expressly warranted the machines it sold to the Plaintiff. Plaintiff's characterization of Defendant's warranty is denied on the basis that said warranty is a written document which speaks for itself.

10. Admitted in part and denied in part. It is admitted that Roll Former expressly warranted the machines it sold to the Plaintiff. Plaintiff's characterization of Roll Former's warranty is denied on the basis that said warranty is a written document which speaks for itself.

11. Denied. The allegation stated herein constitutes a conclusion of law to which a responsive pleading is not required.

12. Denied. Roll Former, after reasonable investigation, is without sufficient information to form an opinion as to what the Plaintiff discovered and, therefore, demands proof of the same at trial, if material and relevant. By way of further answer, Roll Former's machines sold to Plaintiff were, at all times, capable of handling metal stock of certain widths as represented.

13. Denied. Roll Former, after reasonable investigation, is without sufficient information to form an opinion as to the truth of the allegation stated herein and, therefore, demands proof of the same at trial, if material and relevant.

14. Denied. Roll Former, after reasonable investigation, is without sufficient information to form an opinion as to the truth of the allegation stated herein and, therefore, demands proof of the same at trial, if material and relevant.

15. Denied. The allegation stated herein constitutes a conclusion of law to which a responsive pleading is not required.

16. Denied. Roll Former, after reasonable investigation, is without sufficient information to form an opinion as to the truth of whether Plaintiff incurred significant expenses and, therefore, demands proof of the same at trial, if material and relevant. By way of further answer, the allegation stated herein constitutes a conclusion of law to which a responsive pleading is not required.

17. Denied. The allegation stated herein constitutes a conclusion of law to which a responsive pleading is not required.

WHEREFORE, Defendant, Roll Former Corporation, demands judgment against Plaintiff, R.S.S.P., Inc., and requests that Plaintiff's Complaint be dismissed with prejudice.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

18. Roll Former incorporates herein by reference its answers 1 through 17 above as if the same are fully set forth at length.

19. Admitted.

20. Denied. The allegation stated herein constitutes a conclusion of law to which a responsive pleading is not required.

21. Denied. The allegation stated herein constitutes a conclusion of law to which a responsive pleading is not required.

22.   Denied.  The allegation stated herein constitutes a conclusion of law to which a responsive pleading is not required.

23.   Denied.  The allegation stated herein constitutes a conclusion of law to which a responsive pleading is not required.

WHEREFORE, Defendant, Roll Former Corporation, demands judgment against Plaintiff, R.S.S.P., Inc., and requests that Plaintiff's Complaint be dismissed with prejudice.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

24.   Roll Former incorporates herein by reference its answers 1 through 23 above as if the same are fully set forth at length.

25.   Admitted.

26.   Denied. Roll Former, after reasonable investigation, is without sufficient information to form an opinion as to the truth of the allegation stated herein and, therefore, demands proof of the same at trial, if material and relevant.

27.   Denied.  The allegation stated herein constitutes a conclusion of law to which a responsive pleading is not required.

28.   Denied. Roll Former, after reasonable investigation, is without sufficient information to form an opinion as to the truth of the allegation stated herein and, therefore, demands proof of the same at trial, if material and relevant.

29.   Denied.  The allegation stated herein constitutes a conclusion of law to which a responsive pleading is not required.

WHEREFORE, Defendant, Roll Former Corporation, demands judgment against Plaintiff, R.S.S.P., Inc., and requests that Plaintiff's Complaint be dismissed with prejudice.

## FIRST AFFIRMATIVE DEFENSE

Machines sold by Roll Former to the Plaintiff were not defective in their operation.

## SECOND AFFIRMATIVE DEFENSE

To the extent that any of the machines sold by Roll Former to the Plaintiff required repair, modification and/or adjustment, Roll Former undertook the same at its expense or offered to do so to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's warranty rights are limited to the express warranty provided by Roll Former to the Plaintiff with the sale of the machines.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose are excluded by the terms of the express warranty provided by Roll Former to the Plaintiff with the sale of the machines.

## FIFTH AFFIRMATIVE DEFENSE

The express warranty period for the machines sold to Plaintiff expired prior to Plaintiff's claims herein.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that the express warranty periods had not expired at the time of Plaintiff's claims herein, Roll Former fulfilled its obligations to Plaintiff under the terms of the express warranties.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's right to recover for incidental and/or consequential damages is excluded under the terms of the express warranties provided by Roll Former to the Plaintiff with the sale of the machines.

### EIGHTH AFFIRMATIVE DEFENSE

Any incidental or consequential damages sustained by Plaintiff wee caused by Plaintiff's acts or omissions and were not caused by Roll Former's breach of any warranty.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff voided the express warranty on a machine purchased from Roll Former when Plaintiff refused to return such machine to Roll Former for repair under the terms of the limited warranty applicable thereto.

### TENTH AFFIRMATIVE DEFENSE

The inability of Plaintiff's machine operator to make adjustments in the field to the machines purchased from Roll Former, after being trained by Roll Former to do so, was a superceding cause of any problems associated with the machines and any losses incurred by the Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction because the amount of Plaintiff's claim is less than $75,000.00.

JAFFE, FRIEDMAN, SCHUMAN, SCIOLLA,
NEMEROFF & APPLEBAUM, P.C.

BY:_____
ROBERT H. NEMEROFF, ESQUIRE
Attorney for Defendant, Roll Former Corporation
7848 Old York Road, Suite 200
Elkins Park, PA 19027
(215) 635-7200

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

R.S.S.P., INC.                              :
                                            :
    vs.                                     :
                                            :    NO. 02-CV-3707
ROLL FORMER CORPORATION                     :

## CERTIFICATE OF SERVICE

      I, ROBERT H. NEMEROFF, ESQUIRE, attorney for Defendant, hereby certify that a true and correct copy of Defendant's Answer to Plaintiff's Complaint was served upon the following attorney, via telefax and overnight mail, at the below address on August 5, 2002

Christopher C. Negrete, Esquire
FLAMM, BOROFF & BACINE, P.C.
925 Harvest Drive, Suite 220
Blue Bell, PA 19422
Attorney for Plaintiff

                                            JAFFE, FRIEDMAN, SCHUMAN, SCIOLLA, NEMEROFF & APPLEBAUM, P.C.

                                            BY:_____
                                               ROBERT H. NEMEROFF, ESQUIRE
                                               Attorney for Defendant

G:\HOME\KSCHUMAN\CORKERY 4554\RSSP 4554.002\answer to complt.wpd