```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

R.S.S.P., INC.                    :    CIVIL ACTION
                                  :
        v.                        :
                                  :
                                  :
ROLL FORMER CORPORATION           :    NO. 02-3707

## SCHEDULING ORDER

**AND NOW, TO WIT**, this 27th day of February, 2003, following a review of the status reports filed by the parties in the above case, **IT IS ORDERED that:**

1. The case will be placed in the trial pool on **July 7, 2003**.

2. All **discovery** shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by **May 28, 2003**.

3. All **trial exhibits** shall be marked and exchanged by the time discovery is to be completed.

4. Plaintiffs shall serve reports of liability expert witnesses and/or respond to expert witness discovery relating to liability at least 20 days before completion of discovery. Plaintiff shall serve reports of expert witnesses on damages and/or respond to expert witness discovery relating to damages on or before the date for completion of discovery.

5. Defendants shall serve any reports of liability expert witnesses and/or respond to expert witness discovery relating

to liability on or before the date for completion of discovery. Defendant shall serve any reports of expert witnesses on damages and/or respond to expert witness discovery relating to damages within 30 days after the date for completion of discovery.

     6.   Any motion for summary judgment shall be filed and served promptly after the close of discovery.

     7.   All parties shall prepare and file with the Clerk of Court their **Pretrial Memoranda**, in accordance with this Order and Local Rule of Civil Procedure 16 (c) as follows:

          A.   **Plaintiff** - 33 days following date for completion of discovery;

          B.   **Defendant** - 7 days thereafter.

     8.   Any party having an objection to: (A) the admissibility of any exhibit based on authenticity; (B) the admissibility for any reason (except relevancy) of any evidence expected to be offered; or, (C) the adequacy of the qualifications of an expert witness expected to testify; shall set forth separately each such objection in their <u>Pretrial Memorandum</u>.  Such objection shall describe with particularity the ground and the authority for the objection.

     9.   If any party desires an **"offer of proof"** as to any witness or exhibit expected to be offered, that party shall inquire of counsel **<u>prior</u> <u>to</u> <u>trial</u>** for such information.  If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial.

      10.  Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of <u>any witness</u> whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.  The unavailability of any such witness <u>will not be a ground to delay</u> the commencement or progress of an ongoing trial.  In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections supplied therewith.

      11.  At least five days before the case is listed for trial or placement in the trial pool, each party shall submit to the Court (Chambers, Room 9613) two (2) copies of a trial memorandum on the legal issues involved in the case, containing the principal constitutional, statutory, regulatory and decisional authority relied upon.

      12.  At least seven days before the case is listed for trial or placement in the trial pool, each party shall submit to the Court, and serve on each other, two (2) copies of proposed voir dire questions, proposed jury instructions (ONE POINT PER PAGE), and any proposed jury interrogatories.

13. Before commencement of trial, counsel shall supply the Court with one copy of each exhibit and a schedule which briefly describes each exhibit.

**COUNSEL PLEASE NOTE**: This Scheduling Order will be the only written notice counsel will receive of the date this case will appear on the Court's trial list. Counsel and all parties shall be prepared to commence trial on that date or as soon thereafter as counsel receive telephone notice that trial is to commence. Cases on the trial list are disposed of in a variety of unpredictable methods (trial, dismissal, settlement, stay, etc.). For this reason it is very likely that your case may be called for trial out of its sequence on the list.

Requests for extensions of deadlines, trial pool entry date or other changes in the foregoing schedule should not be made by telephone or letter. Any such requests should be made by motion for good cause shown and accompanied by an explanatory memorandum, and a stipulation where other counsel consent.

_____

JAY C. WALDMAN,    J.

JO