IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R.S.S.P., INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-3707 |
| | : | |
| ROLL FORMER CORPORATION | : | |
| | : | |
| Defendant | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S DAMAGE ESTIMATE**

Plaintiff, R.S.S.P., Inc. ("R.S.S.P."), by and through its counsel, Flamm, Boroff & Bacine, P.C., hereby opposes Defendant Roll Former Corporation's Motion in Limine to Preclude Plaintiff's Damages Estimate:

1. Admitted.

2. Admitted that a true and correct copy of the Complaint is attached as Exhibit "A". The remaining allegations of this paragraph are denied, since the Complaint is a writing that speaks for itself.

3. Admitted that a true and correct copy of the Kosciuscko County, Indiana Complaint is attached as Exhibit "B". The remaining allegations of this paragraph are denied, since the Complaint is a writing that speaks for itself.

4. Inasmuch as this paragraph attempts to characterize the contents of the Complaint, the Complaint speaks for itself. The allegations of this paragraph are therefore denied.

151011 v1

5. Admitted that a true and correct copy of the Answer is attached as Exhibit "C". The remaining allegations of this paragraph are denied, since the Answer is a writing that speaks for itself.

6. It is admitted that the original of the document, a copy of which is attached as Exhibit "D", was furnished to Defendant by Indiana counsel during the course of that litigation. The remaining allegations of this paragraph are denied.

7. Admitted. By way of further answer, Plaintiff did furnish information regarding the calculation of its damages as required by the Federal Rules of Civil Procedure.

8. Admitted that Collins was deposed and that a copy of his transcript is attached as Exhibit "E". The remaining allegations of this paragraph are denied.

9. It is admitted that counsel for Defendant requested additional information at various times during the deposition of Mr. Collins. The remaining allegations of this paragraph are denied.

10. Admitted.

11. Admitted in part, denied in part. It is admitted that on December 13, 2002, R.S.S.P. provided documents relating to labor costs incurred as a result of the defective equipment, which constitutes only one component of the damages sustained by R.S.S.P. It is denied that these documents constituted a complete "summary of loss."

12. Admitted that Plaintiff provided the original of Exhibit "H" to Defendant on or about May 22, 2003. To the extent that Plaintiff attempts to characterize

151011 v1

this document as a revision of the original "Summary of Damages" provided in the Indiana litigation, the allegations are denied.[1]

    13.    Admitted.

    14.    Denied.

    15.    Admitted.

    16.    Denied.

    17.    The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. They are therefore denied.

    18.    The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. They are therefore denied.

    19.    The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required. They are therefore denied.

    20.    No responsive pleading is required with respect to this paragraph.

---

[1] By way of further answer, Plaintiff need not plead rescission in order to recover the value of the equipment at issue in this case. Pursuant to 13 Pa.C.S.A. § 2714(b), "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." In the instant case, Plaintiff's damages include the cost of equipment since the difference between the value of the equipment at the time and place of acceptance and the value as warranted is the purchase price. In addition, Plaintiff is entitled to recover consequential and incidental damages under 13 Pa.C.S.A. § 2715.

151011 v1

WHEREFORE, Plaintiff, R.S.S.P., Inc, respectfully requests this Honorable Court to deny Defendant's Motion in Limine to Preclude Plaintiff's Damage Estimate.

    Respectfully submitted,

    **FLAMM, BOROFF & BACINE, P.C.**


By: _____
    Walter H. Flamm, Jr.
    Corey F. Higgins
    Counsel for Plaintiff
    R.S.S.P., Inc.

151011 v1

151011 v1