IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R.S.S.P., INC., | : | CIVIL ACTION NO. 02-3707 |
| Plaintiff | : | |
| | : | |
| ROLL FORMER CORPORATION, | : | |
| Defendant | : | JUDGE NEWCOMER |

### PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW OF PLAINTIFF R.S.S.P., INC.

I. **FINDINGS OF FACT**

1. Plaintiff, R.S.S.P., Inc. ("R.S.S.P.") is an Indiana corporation with a corporate headquarters and principal place of business at 403 East Main – Atwood, Warsaw, IN 46580.

2. Defendant, Roll Former Corporation ("Roll Former"), is a Pennsylvania corporation that maintains its principal place of business at 2425 Maryland Road, Willow Grove, PA 19090.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different States.

4. Venue is properly before this Court pursuant to 28 U.S.C. §1391 because, *inter alia*, a substantial amount of the events giving rise to the claim occurred in the Eastern District of Pennsylvania and the defendant is subject to personal jurisdiction therein.

155794 v1

5. R.S.S.P. is in the business of manufacturing and installing metal roofing and siding.

6. Roll Former is in the business of manufacturing and selling portable roll forming machines which are used by the building construction industry to prepare coil metal stock and convert it into individual panel pieces for metal roofing and siding.

7. R.S.S.P. purchased numerous pieces of equipment including replacement parts from Roll Former costing in excess of $172,831.22 (the "Equipment").

8. Following delivery, R.S.S.P. discovered that the Equipment, as manufactured and sold, was not capable of handling metal stock of certain widths, as represented and warranted.

9. R.S.S.P. has encountered numerous work stoppages caused by the inability of the Equipment to perform as represented and warranted.

10. R.S.S.P. has incurred damages of $46,640.00 in down-time and back-log labor as a result of the Equipment defects.

11. R.S.S.P. has been compelled to remove and replace roofing and siding prepared by the Equipment because of defects due to equipment nonperformance.

12. R.S.S.P. has incurred damages of $20,965.00 in repair labor as the result of defects in the Equipment.

13. R.S.S.P. has needed to employ an additional employee to work one of the pieces of equipment, the VS-150 machine, because of defects in the

machine's Accucounter, which was supposed to program and calculate the quantity and length of each piece of fabricated steel within one-half inch (1/2").

14. R.S.S.P. has incurred damages in the amount of $86,400.00, the cost of an additional employee, as a result of the defect in the VS 150's Accucounter.

15. R.S.S.P. specifically relied on Roll Former's skill and judgment to select or furnish machines that would be suitable to R.S.S.P.'s needs.

155794 v1

## II. CONCLUSIONS OF LAW

1. Roll Former expressly warranted that the Equipment purchased by R.S.S.P. was capable of forming metal stock of certain widths which constituted an express warranty and formed part of the basis of the bargain between the parties.

2. Roll Former expressly warranted that the Equipment purchased by R.S.S.P. was "free from defects in material and workmanship in normal use and service."

3. Roll Former misrepresented the capabilities and capacities of the Equipment.

4. Roll Former has breached the express warranty contained in its own Standard Equipment Warranty.

5. R.S.S.P. has incurred significant expenses in the amount of approximately $167,223.72 due to Roll Former's breach of warranty.

6. The damages incurred by R.S.S.P. were such as were, or should have been, reasonably anticipated by the parties at the time of contracting.

7. The roll forming machines manufactured by Roll Former would not pass without objection in the trade under the contract description.

8. The roll forming machines purchased from Roll Former are not fit for the ordinary purposes for which they were manufactured.

9. Roll Former has failed to properly disclaim the implied warranty of merchantability.

10. Roll Former has breached the implied warranty of merchantability.

155794 v1

11. Roll Former knew at the time it sold the Equipment to R.S.S.P. the particular purpose for which the Equipment was required.

12. The recommendations and representations of Roll Former, in light of its knowledge of the intended use of the Equipment, constituted a warranty of fitness for a particular purpose, which warranty was not properly disclaimed.

13. In reliance upon Roll Former's warranty of fitness for a particular purpose, R.S.S.P. purchased the Equipment.

14. Defendant, Roll Former, has breached the implied warranty of fitness for a particular purpose.

15. Defendant, Roll Former, has failed to establish any valid legal defense to any of Plaintiff, R.S.S.P.'s claims.

16. Defendant, Roll Former owes Plaintiff, R.S.S.P., the total sum of $326,836.22.

Respectfully submitted,

**FLAMM, BOROFF & BACINE, P.C.**
925 Harvest Drive, Suite 220
Blue Bell, PA 19422
(215) 239-6000

By: _____
Walter H. Flamm, Jr.
Corey F. Higgins
Counsel for Plaintiff
R.S.S.P., Inc.

Dated: Sept. 10, 2003

155794 v1

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Proposed Findings of Fact and Conclusions of Law* was served in via facsimile and by U.S. Mail on this date as follows:

Robert H. Nemeroff, Esquire
Daniel D. McCaffery, Esquire
Jaffe, Friedman, Schuman, Sciolla, Nemeroff & Applebaum, P.C.
7848 Old York Road, Suite 200
Elkins Park, PA 19027

                                                    */s/ Corey F. Higgins*
                                                  Corey F. Higgins

Dated:    September 10, 2003

155794 v1